UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NWI CONSULTING, LLC, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:13-MC-05 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| ABDEL FATTAH RAGAB, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are three motions: Respondent's Second Motion for a Twenty-One (21) Day Extension of Time to Respond to Petition [Doc. 11]; a *pro se* Motion for Extension of Time [Doc. 12]; and a Motion to Withdraw as Counsel by John M. Lawhorn and Frantz, McConnell & Seymour, LLP, [Doc. 15]. The Petitioner has responded in opposition to these motions. [See Docs. 13, 14, 16]. The Court will address these motions in the order that they were filed.

First, the Court finds that the Respondent's Second Motion for Twenty-One (21) Day Extension of Time [Doc. 11] is well-taken. On August 8, 2013, the Court granted the Respondent's first request for extension, and the Court afforded him up to and including August 20, 2013, to respond to the Petitioner's Motion to Confirm Arbitration Award. In the Second Motion, Respondent requests an additional twenty-one days to respond. The Court finds that the Respondent has shown good cause for his request for additional time. Specifically, he has been

called abroad to address family issues relating to the civil turmoil in Egypt. The Second Motion represents that Mr. Ragab would return to the United States on or about September 3 or 4, 2013.

Accordingly, the Second Motion for a Twenty-One (21) Day Extension of Time to Respond to Petition **[Doc. 11]** is **GRANTED**. The Court will afford Mr. Ragab a brief extension of time. Because the twenty-one days requested in the Second Motion would have expired on or about September 10, 2013, the Court finds that it is appropriate to allow Mr. Ragab up to and including **September 30, 2013,** in which to respond to the Motion to Confirm Arbitration Award. Any reply by Petitioner NWI Consulting shall be filed on or before **October 7, 2013**.

Turning next to the *pro se* Motion for Extension of Time [Doc. 12], the Court finds that this motion is not well-taken. Pursuant to Local Rule 83.4, "Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court . . . ." E.D. Tenn. L.R. 83.4(c). In this case, Mr. Ragab, the Respondent, has filed a *pro se* motion prior to the Court substituting counsel or granting a request by Mr. Ragab to proceed *pro se*. In addition, the Court finds that Mr. Ragab's request for an additional ninety days to respond is unreasonable and is not supported by good cause. The Court finds that the extension of approximately thirty days afforded above is appropriate under the circumstances. Accordingly, the *pro se* Motion for Extension of Time **[Doc. 12]** is **DENIED**.

Finally, the Court finds that the Motion to Withdraw as Counsel [Doc. 15], as filed, does not comply with Local Rule 83.4, because the motion does not certify that a copy of the motion was provided to the client fourteen days prior to the motion being filed. The Court finds, however, that Mr. Lawhorn served a copy of the motion on Mr. Ragab via U.S. Mail on August 22, 2013. More than fourteen days have elapsed since Mr. Ragab was provided a copy of the

Motion to Withdraw, and Mr. Ragab has not objected to withdrawal of counsel. Moreover, the Court finds that Mr. Ragab's own *pro se* filing indicates that his relationship with counsel is irretrievably broken. [See Doc. 12 at 1].

Based upon the foregoing, the Motion to Withdraw **[Doc. 15]** is **GRANTED**. The Clerk of Court **SHALL PROVIDE** a copy of this Memorandum and Order and a copy of the Motion to Confirm Arbitration to Mr. Ragab at 1805 Golf View Drive, Buffalo, MN 55313. Additionally, the Clerk of Court **SHALL** enter this address as Mr. Ragad's address in the record and indicate that he is proceeding *pro se* in this matter. Mr. Lawhorn **SHALL PROVIDE** a copy of any other pertinent documents in Mr. Lawhorn's file to Mr. Ragab at 1805 Golf View Drive, Buffalo, MN 55313, and thereafter, Mr. Lawhorn and the law firm of Frantz, McConnell & Seymour, LLP, are **RELIEVED** of their duties as counsel in this matter.

Finally, Mr. Ragab is **ADVISED** that, unless and until counsel appears on his behalf, he is proceeding *pro se* in this matter. He must supervise this litigation and act on his own behalf. Specifically, he must comply with the deadlines set by the Court. As a *pro se* litigant, the Court will afford Mr. Ragab a degree of latitude in this litigation. See Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999). Nonetheless, a "*pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law." Baldwin v. United Nations Sec. Council, 2012 WL 529554 (S.D. Ohio Feb. 17, 2012).

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

3

Case 3:13-mc-00005-TAV-HBG   Document 17   Filed 09/17/13   Page 3 of 3   PageID #: 37