UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NWI CONSULTING, LLC, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:13-MC-05 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| ABDEL FATTAH RAGAB, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b), and by reference from Chief United States District Judge Thomas A. Varlan, for consideration of Petitioner's Motion to Confirm Arbitration Award [Doc. 1], and the Respondent's Notice of Motion and Motion Not to Confirm the Arbitration Award and to Vacate Any Arbitrator Award [Doc. 18]. For the reasons that follow, the undersigned **RECOMMENDS** that the Petitioner's Motion be **GRANTED**, and that the Respondent's Motion be **DENIED**.

## FINDINGS OF FACT

Based on the record in this case, the Court makes the following findings of fact. On or about April 1, 2010, Petitioner and Respondent entered into a service contract ("the Agreement") which provided that the parties would settle any dispute arising out of the Agreement by arbitration in accordance with the rules of the American Arbitration Association ("AAA") [Doc. 22-2]. The parties agree that a dispute arose later over the Respondant's alleged breach of the Agreement.

Petitioner filed a lawsuit against Respondent in the Knox County Circuit Court. Respondent was served with process of this state court action at Respondent's last known confirmed permanent address of 90 Hinman Road, Pulaski, New York 13142 [Doc. 22-3]. The certified return receipt of service of process was signed by an individual at Respondent's permanent address by the name of Cindy Slate Rogers [Doc. 22-4]. Respondent then communicated to Petitioner's counsel, and to the Knox County Court, through a New York City attorney, Michael Haber [22-5]. After discussing the arbitration provision of the Agreement, Attorney Haber and Petitioner's counsel agreed to withdraw the state court action and proceed to arbitration [Doc. 22-5].

On or about July 19, 2012, Petitioner filed an arbitration claim against Respondent with the AAA. Petitioner and the AAA, in accordance with AAA notice requirements, afforded notice to Respondent's counsel, Attorney Haber. The AAA and the Petitioner's counsel communicated with Attorney Haber by email and by phone. Attorney Haber then notified the AAA that he would no longer be representing Respondent, but would forward the AAA notice to Respondent [Doc. 22-6]. Petitioner also afforded notice of arbitration to Respondent at Respondent's last known address of 90 Hinman Road, Pulaski, New York 13142, the address where Respondent had received service of the withdrawn state court action [Doc. 22]. Respondent did not respond.

Petitioner and the AAA continued to provide notices to Respondent at this address, including arbitration notice, arbitration schedule, and communication between the parties and the AAA. Both Petitioner and the AAA received certified receipts of each correspondence and notice to Respondent received at his permanent address. Several communications were sent by certified mail and required signatures. These communications and notices were signed as received by individuals at Respondent's permanent address of 90 Hinman Road, Pulaski, New

York. One confirmation of receipt of AAA communication was signed as received by the same person, Cindy Slate Rogers, who signed for receipt of service of the original state court action [Doc. 22]. Respondent did not respond to any of these notices.

Petitioner also attempted to provide notices to Respondent using alternative means. Petitioner sent mail to Respondent's address as listed on the Agreement. This mail was returned to Petitioner as undeliverable [Doc. 22]. One particular notice letter which Petitioner sent was certified as received at Respondent's permanent address and signed by Respondent's wife, Miriam Ragab. Throughout the course of arbitration, Petitioner also sent subpoenas and notice letters to Respondent's employers. Respondent did not respond to these notices [Doc. 22-1].

The Respondent does not dispute the Agreement, the arbitration provision, or that, until the commencement of the arbitration, he was represented by Attorney Haber with regard to the alleged breach of the Agreement. Respondent also does not dispute that he lived at the above noted address in Pulaski, New York, at least until September, 2011. In September, 2011, Respondent moved to Minnesota. After Respondent left the Pulaski, New York residence, it was rented and occupied by a "tenant and caretaker" (unnamed by Respondent) [Doc. 19]. The tenant, however, "retained" all mail delivered to Respondent at the Pulaski, New York address. Respondent's wife visited the Pulaski, New York residence "twice a year" to collect the mail and take it to Respondent.

Respondent offers no explanation as to why he did not have his mail forwarded by the postal service after he moved. This is especially curious given that Respondent's New York attorney sent to Respondent the initial AAA notice of arbitration. Respondent's counsel alleges that after Respondent moved from the Pulaski, New York address, the postal service forwarded

3

Case 3:13-mc-00005-TAV-HBG   Document 32   Filed 02/28/14   Page 3 of 12   PageID #: 157

Respondent's mail for an unstated period of time but then stopped. This vague claim, however, is not supported by Respondent's Affidavit or any document in the record.

According to Respondent, his wife picked up the "first batch of mail" on January 2, 2013, and included therein was a correspondence regarding the arbitration. Nonetheless, he did not read this mail "until January 30, 2013". His wife picked up a "second batch" of mail on August 5, 2013, and additional notices regarding the arbitration were included therein [Doc. 19].

The arbitration proceeded on January 17, 2013. An Award of Arbitrator was issued and delivered to Respondent by the AAA [Doc. 1-1]. In the award, the arbitrator stated that the Respondent "failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association" [Doc. 1-1].

Respondent concedes that the arbitrator delivered the arbitration award to the Pulaski, New York residence on January 23, 2013. He avers that he didn't get that notice until his wife collected a batch of mail at the Pulaski, New York residence on August 5, 2013. Respondent, however, concedes that he did receive notice of the arbitration award at his workplace on May 17, 2013 [Doc. 19].

On or about May 20, 2013, Petitioner sought to confirm the award by filing a Motion to Confirm Arbitration Award, accompanied by all items as required by the Federal Arbitration Act ("FAA"). On June 26, 2013, as required by the FAA, Respondent was served through the United States Marshals Service with Petitioner's Motion to Confirm Arbitration Award [Doc. 7]. On October 1, 2013, Respondent filed a Motion to Vacate the Arbitration Award [Doc. 18].

4

## POSITIONS OF THE PARTIES

The Petitioner argues that it has met all requirements for the arbitration award to be confirmed. In addition, Petitioner argues that the Court must deny Respondent's Motion to Vacate the Arbitration Award for two reasons: (1) Respondent failed to meet the requirements of the FAA's deadline for vacatur motions, and (2) Respondent has not established any legitimate grounds for vacatur as specified within the FAA [Doc. 22]. The Respondent argues that he did not get a "fair hearing" in the arbitration, because he did not receive notice, an opportunity to be heard, and to present a defense. He further asserts that he was not "personally served" with notice of the arbitration [Doc. 19]. Finally, Respondent, in a Supplemental Memorandum [Doc. 30] alleges that Petitioner is guilty of fraud, based on an alleged lack of personal service on Respondent, and based on Respondent's alleged defense to the underlying breach of contract claim.

## ANALYSIS

There is a "strong federal policy in favor of enforcing arbitration agreements." See Schafer v. Mutliband Corp., 2014 WL 30713 (6th Cir. 2014); Pontiac Trail Med. Clinic, P.C. v. PaineWebber, Inc., 1 F.3d 1241, 1241 (6th Cir. 1993) (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). Normally, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

So as to settle disputes efficiently and to avoid protracted and costly litigation, the Court's review of an arbitration award is extremely narrow. Dobbs, Inc. v. Local No. 614, Int'l

Bhd. of Teamsters, 813 F.2d 85, 86 (6th Cir. 1987). Because the FAA reflects a statutory policy of rapid and unobstructed enforcement of arbitration agreements, "courts are generally forbidden to review the merits of an arbitrator's award." Pontiac Trail, 1 F.3d at 1243.

Pursuant to the FAA, the Court may only confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration. . .." 9 U.S.C. § 9. In this case, the Agreement states:

> Any claim or controversy that arises out of or relates to this Agreement, or the breach of it, shall be settled by arbitration in accordance of the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court with jurisdiction [Doc. 1-1].

Therefore, the Court finds that the Agreement provides the prerequisite language upon which this Court may enter judgment on the arbitration award.

## ARGUMENT

**1. Time of Filing Requirements Under 9 U.S.C. §12 for a Motion to Vacate**

The FAA constitutes a body of substantive federal law governing the enforcement and review of arbitration agreements and awards. Allied-Bruce Terminix Co., Inc. v. Dobson, 513 U.S. 265, 170-72, 115 S. Ct. 834 (1995). The FAA, within 9 U.S.C. § 12, states that any motion to vacate, modify, or correct an arbitration award must be filed within three months after the award is "filed or delivered." 9 U.S.C. § 12.[1] If a party fails to file a motion to vacate, modify, or correct within three months, the party opposing confirmation and entry of judgment may not move to vacate, modify, or correct the award and may not even defend the award on grounds that could have been the basis for a timely motion. See e.g., Nationwide Muf. Ins. Co. v. Home Ins. Co., 278 F.3d 621, 627 (6th Cir. 2002) ("a motion to vacate must be filed

---

[1] "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."

6

within three months from the date the decision is issued."); <u>Sanders Midwest, Inc. v. Midwest Pipe Fabricators, Inc.</u>, 857 F.2d 1235, 1237-38 (8th Cir. 1988) (party may not rise grounds in defense of motion to confirm awards after the party failed to file a timely motion to vacate on these grounds). <u>Piccolo v. Dain, Kalman & Quail, Inc.</u>, 641 F.2d 598, 600 (8th Cir. 1981) ("[a] party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award."); <u>Accord, Florasynth, Inc. v. Pickholtz</u>, 750 F.2d 171, 174-77 (2nd Cir. 1984); <u>Intern U. of Operating Eng. v. Centor Contractors</u>, 831 F.2d 1309, 1311 (7th Cir. 1987).

The United States District Court for the Eastern District of Tennessee addressed this issue in <u>Desousa v. Jabiru USA Sport Aircraft, LLC</u>, 2011 U.S. Dist. LEXIS 101046 (E.D. Tenn. Sept. 6, 2011. In <u>Desousa</u>, when the defendant applied to the Court for an Order confirming an arbitration award, the Court had no choice but to enter the award as final judgment, because "9 U.S.C. § 12 makes clear that the motion to vacate must be filed within three months after the award is 'filed or delivered.'. . . Because Plaintiff did not file his motion to vacate [within the three month period], his motion [to vacate] is clearly untimely and must be denied."

In the present case, the Court finds that the Respondent failed to meet the requirements of a timely motion to vacate the arbitration award under 9 U.S.C. § 12. The arbitration award was issued on January 17, 2013. The award was promptly delivered to Respondent and signed as received. From this point, Respondent had until April 17, 2013 to file any motion to vacate, modify, or correct the award and serve said motion upon Petitioner. Respondent did not.

Within Respondent's Memorandum of Law, he states that "this award was also mailed to [Respondent] at his workplace" on May 17, 2013. As pointed out by the Petitioner, even if this

7

was the date the award was "delivered" for statutory purposes, Respondent should have filed a Notice and Motion to Vacate the Award by August 17, 2013.

Moreover, the United States Marshals Service delivered the Petitioner's Motion for a Judgment on the Arbitration Award to Respondent on June 26, 2013. Even if that date was treated as the date of notice (which the Court finds it was not), the Respondent's filing of his motion to vacate is still untimely.

Respondent filed a Notice and Motion to Vacate the Award on October 1, 2013. Respondent's Notice and Motion to Vacate are therefore barred as not timely under the FAA. On this ground, the Court must recommend that Respondent's Motion to Vacate be denied, and that Petitioner's Motion to Confirm Arbitration Award be granted, and that the District Judge enter it as a judgment.

2. **Respondent Received Due Notice of the Arbitration**

A second basis for granting the Petitioner's Motion is that the Respondent, in fact, received notice of the arbitration. Petitioner and the AAA received confirmations that Respondent had received notices at his last known address, of each and every event and filing of the arbitration. Both Petitioner and the AAA even received communication from Respondent's counsel. See [Doc. 22; Exhibit E – Confirmation of All Notice to Respondent by the AAA; see specifically p.1 – Email Notice from Respondent's Withdrawing Counsel ("I have forwarded [the AAA's] two most recent emails (with attachments) to [Respondent].")].

On or about July 19, 2012, Petitioner filed an arbitration claim against Respondent with the AAA. Petitioner and the AAA, in accordance with AAA notice requirements, afforded notice to Respondent's then counsel Michael Haber. The AAA and Petitioner's counsel communicated with Respondent's counsel by email and by phone. Respondent's counsel then

notified the AAA that he would no longer be representing Respondent, but that he would forward the AAA notice to Respondent. See Id. The counsel for Petitioner was informed as such by the AAA. This met the notice requirements of the AAA. See AAA, Commercial Arbitration Rules and Mediation Procedures, R-43 "[Notice] may be served on a party by mail addressed to the party or its representative. . .".

After attorney Haber's withdrawal as counsel for the Respondent, Petitioner and the AAA simultaneously afforded notice of arbitration proceedings to Respondent by certified mail at Respondent's last known address of 90 Hinman Road, Pulaski, New York 13142. This is the address where Respondent had received service of the withdrawn state court action filed by Petitioner. Petitioner and the AAA used this address, because Respondent previously stated in an email to Petitioner that he preferred to receive mail from Petitioner at his "permanent address." See [Doc. 22; Exhibit B – Respondent's confirmation by email of his permanent address]. This also meets the notice requirements of the AAA. See AAA, Commercial Arbitration Rules and Medication Procedures, R-43; See also [Doc. 22], Exhibit E – Confirmation of All Notice to Respondent by the AAA (wherein each correspondence from the AAA was certified and signed as received)].

Petitioner and the AAA continued to provide notice to Respondent at this Pulaski, New York address of each arbitration notice and filing, including the arbitration schedule. Petitioner and the AAA received certified receipts of each correspondence and notice to Respondent received at his permanent address. Several communications were sent by certified mail and required signatures. These communications and notices were signed as received by individuals at Respondent's permanent address. One confirmation of receipt of AAA communication was certified and signed as received by the same individual, Cindy Slate Rogers, who signed for

9

receipt of service of the original withdrawn state court action which prompted Respondent to contact the undersigned counsel with his attorney. Id.

Moreover, within the arbitration decision and the award itself, Arbitrator Hugh J. Moore, Jr., acknowledges that due notice to Respondent was given. The award states that the Respondent failed to appear at the arbitration hearing even after receiving "due notice by mail in accordance with the Rules of the AAA."

Finally, the Respondent concedes that the arbitration notices were timely sent to his Pulaski, New York address, and that they were received there. His attorney sent him the Notice of the commencement of the arbitration proceedings. Despite knowing that the arbitration had commenced, the Respondent claims that he made no effort to either have his mail forwarded to him, or to read his correspondence in a timely manner. He states that his wife merely gathered his mail twice a year and gave it to him. Even then, he did not read his mail in a timely manner. For example, Respondent claims that his wife collected his mail on January 2, 2013. He admits, however, that correspondence regarding the arbitration was in this batch of mail. In fact, Respondent admits that he received notice at his Pulaski, New York address on October 19, 2012, of this arbitration hearing set for December 12, 2012 [Docs. 19, 20]. Nonetheless, even with approximately two months notice, Respondent did nothing [Doc. 22].

The Court can only conclude that the Respondent was either willfully ignorant or grossly negligent in not reading the AAA notices which arrived at his Pulaski, New York address. In either event, the Court finds that the AAA notice requirements were met in this case, as they do not require that the notices be "personally" served on Respondent:

> (a) Any papers, notices, or process necessary or proper for the initiation or continuation of any arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a

> party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or had been granted to the party. (b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), or electronic (e-mail) to give the notices required by these rules. . .

AAA Rule R-43.

### 3. Respondent Has No Grounds for Vacatur

The Court's power to review the arbitrator's award is limited under the FAA. Arbitration awards are presumed to be based on proper grounds and must be confirmed unless one of the statutory exemptions listed in 9 U.S.C. § 10 is established. See Saturday Evening Post Co., v. Rumbleseat Press, Inc., 816 F.2d 1191, 1197 (7th Cir. 1987). The FAA in 9 U.S.C. § 10 states that an order vacating the arbitration award may be entered only:

> (1) Where the award was procured by corruption, fraud, or undue means;(2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Respondent has not raised any legitimate vacatur ground. The Respondent suggests "fraud" was involved in the arbitration, because the Respondent did not receive notice. The Court, however, has found that the Respondent did receive due notice, as detailed above. The Respondent also suggests "fraud" in the arbitration, because the Respondent had a substantive defense to the breach of contract claim which was the subject of the arbitration. The Court,

11

however, can not "re-arbitrate" the case which has been arbitrated. This law is fundamental and well established. Saturday Evening Post, supra, at 1197.

In summary, Respondent did not participate in the arbitration after receiving proper notices. The decision of the arbitrator acknowledges that due notice to the Respondent was in fact given. This Court must presume this arbitration award to be based on proper grounds and uphold the award and findings of due notice. Moreover, the motion to vacate is untimely, barring the relief requested. Accordingly, this court has the obligation to confirm Petitioner's arbitration award into a judgment.

## **CONCLUSION**

Wherefore, the Court, for the foregoing reasons, recommends that the Petitioner's Motion to Confirm Arbitration Award **[Doc. 1]** be **GRANTED**, and that the Respondent's Notice of Motion and Motion Not to Confirm the Arbitration Award and to Vacate Any Arbitrator Award **[Doc. 18]** be **DENIED**.[2]

Respectfully submitted,

   s/ H. Bruce Guyton   
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).