UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NWI CONSULTING, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: 3:13-MC-05-TAV-HBG |
| | ) |
| ABDEL FATTAH RAGAB, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Report and Recommendation of Magistrate Judge H. Bruce Guyton entered on February 28, 2014 (the "R&R") [Doc. 32]. The R&R addresses two motions: (1) petitioner's Motion to Confirm Arbitration Award [Doc. 1] and (2) respondent's Notice of Motion and Motion not to Confirm the Arbitration Award and to Vacate any Arbitrator Award [Doc. 18]. The magistrate judge denied respondent's motion for an evidentiary hearing [Doc. 29] but allowed the parties to make additional written filings to support their positions [*Id.*]. The magistrate judge later issued the R&R [Doc. 32], recommending that the Court grant petitioner's motion and deny respondent's motion. Respondent submitted an objection to the R&R [Doc. 33], and petitioner submitted a response in opposition to respondent's objection [Doc. 34].

**I.  Background**

Petitioner and respondent entered into an agreement on or about April 1, 2010 [Doc. 2]. As part of that agreement, the parties stipulated that any disputes that arose

would be settled by arbitration in accordance with the rules of the American Arbitration Association ("AAA") [*Id.*]. A dispute subsequently arose concerning respondent's possible breach of the non-compete clause contained in the agreement [Doc. 19]. As a result, petitioner filed a lawsuit against respondent in the Knox County Circuit Court and served respondent via mail at his address in Pulaski, New York [Doc. 22-1]. Respondent's counsel subsequently discussed the parties' agreement to arbitrate with petitioner, and they agreed to proceed to arbitration upon petitioner's withdrawal of the state-court action [*Id.*; Doc. 22-5].

On or about July 19, 2012, petitioner filed an arbitration claim against respondent with the AAA [Doc. 22-1]. Petitioner and the AAA provided notice to respondent's counsel, who informed them that he had not been retained to defend respondent in the arbitration claim, but would forward the notice to respondent [Doc. 22-6]. All subsequent notices concerning the arbitration proceeding were sent to respondent's Pulaski, New York address [Doc. 22-1]. Petitioner also attempted to notify respondent through electronic mail, phone communication, and by mailing letters and notice subpoenas to respondent's employers [*Id.*]. Respondent, however, did not respond to any of the notices [*Id.*].

On January 17, 2013, an award of arbitrator was issued and delivered to respondent by the AAA at his Pulaski, New York address [Doc. 1-1; Doc. 19]. Petitioner subsequently filed the instant motion to confirm the arbitration award on May 20, 2013 [Doc. 22-1]. On October 1, 2013, respondent filed a motion to vacate the arbitration

2

award [Doc. 18]. Respondent alleges that the notice of arbitration award was mailed to his work place on May 17, 2013 [Doc. 19], and served upon him personally through the United States Marshal Service on June 26, 2013 [Doc. 22-1].

Respondent argues that he was not given proper notice of the arbitration proceedings and, therefore, there was no jurisdiction for the arbitrator to enter the award and he was denied his due process rights [Doc. 19; Doc. 30]. Particularly, respondent argues that at the time all the notices were sent to his Pulaski, New York address, he was living and working in Minnesota, and petitioner had knowledge of his location but never attempted to serve him there [Doc. 19]. Respondent also argues that he has grounds for vacatur under 9 U.S.C. § 10 because the petitioner's failure to provide proper notice of the arbitration proceedings and petitioner's actions in proceeding with the arbitration while knowing that respondent had not violated the non-compete clause of their agreement, was tantamount to fraud [Doc. 30]. In response, petitioner contends that respondent has failed to meet the timeline requirements of the Federal Arbitration Act (the "FAA") contained in 9 U.S.C. § 12 [Doc. 22-1]. In the alternative, petitioner argues that respondent received proper notice of the arbitration proceedings as required by the AAA, respondent also failed to meet the deadlines established by this Court, and respondent has no grounds for moving to vacate the arbitration award [*Id.*; Doc. 31].

In the R&R, the magistrate judge agrees with petitioner, finding that the respondent failed to meet the requirements of a timely motion to vacate under 9 U.S.C. §

12, that notice was proper in accordance with the AAA notice requirements, and that respondent is unable to show any legitimate grounds for vacatur.

## II. Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which respondent has objected, considering the R&R [Doc. 32], the parties' underlying briefs, respondent's objection, and petitioner's response to the objection, all in the relevant law. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## III. Analysis

Respondent objects to the R&R claiming that the magistrate judge erred in finding that respondent received notice of the arbitration proceedings without, at the least, conducting an evidentiary hearing on the limited issue of whether or not respondent received proper notice of the pending arbitration proceedings [Doc. 33]. Relying on *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), respondent argues that his due process rights were violated because he was deprived of his property through a legal proceeding without being given notice and an opportunity to be heard [Doc. 33].

While the magistrate judge found that notice was, in fact, proper in this case and proper in accordance with the rules of the AAA, the Court finds that it need not reach that issue because the FAA specifically provides a timeline within which a party must file any

4

motions objecting to an arbitration award. Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *see also Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 627 (6th Cir. 2002) (adopting rule under the FAA that requires a motion to vacate to be filed within three months from the date the decision is issued); *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1212 (6th Cir. 1982) (same).

In addressing a similar issue, this Court previously found that its "power to review an arbitrator's award is significantly constrained under the FAA." *Desousa v. Jabiru USA Sport Aircraft, LLC*, No. 4:08-CV-44, 2011 WL 4062276, at *3 (E.D. Tenn. Sept. 6, 2011) (citing *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008); *Grain v. Trinity Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008)). In so finding, this Court denied the plaintiff's motion to vacate the arbitrator's award because the plaintiff failed to file the motion within the three months required by the FAA. *Id*.

Here, respondent does not dispute that the FAA provides the exclusive remedy for challenging acts that taint an arbitration award. *See Corey*, 691 F.2d at 1212. Respondent also does not dispute that he did not comply with the three-month notice requirement contained in the FAA. Rather, respondent merely asserts that the arbitration award should be vacated because he was not given proper notice of the proceedings [Doc. 33]. The record indicates that respondent did not file his motion to vacate until October 1, 2013 [*see* Doc. 19], which was well over three months after the arbitration award was

5

entered on January 17, 2013 [*See* Doc. 1-1].[1] Because it is well established that such challenges to arbitration awards are to be considered within the confines of the three-month notice requirement, the Court finds that respondent's motion to vacate the arbitration award was untimely.[2]

IV.  **Conclusion**[3]

After reviewing the record in this case, including the R&R, the objections, the underlying briefs, and the relevant law, the Court determines that the magistrate judge fully and appropriately considered the arguments in support of the motions before it. Furthermore, the Court agrees with the magistrate judge's analysis and findings as to the issue of the timeliness of respondent's motion to vacate under the FAA. Accordingly, and for the reasons previously stated, respondent's objection to the R&R [Doc. 33] is **OVERRULED** and the R&R [Doc. 32] is **ACCEPTED IN PART** to the extent

---

[1] The Court notes that even if it were to consider the date of delivery as May 17, 2013—which was the date respondent claims petitioner mailed the award to his workplace—or as June 26, 2013—which is the date respondent was personally served by the United States Marshall Service, respondent's motion still falls outside of the statutorily designated time for service of notice.

[2] Furthermore, were the Court to accept respondent's challenge to the arbitration award on the basis of fraud under 9 U.S.C. § 10 [*see* Doc. 30], the Sixth Circuit has held that such challenges must still be addressed within the confines of the three month notice requirement of 9 U.S.C. § 12. *See Corey*, 691 F.2d at 1212–13; *see also Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237 (8th Cir. 1988) ("[A] party may not assert a defense to a motion to confirm that the party could have raised in a timely motion to vacate, modify, or correct the award."); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981) ("A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award.").

[3] Because the Court finds that respondent's motion to vacate should be dismissed on the grounds that it was untimely under the FAA, the Court does not reach the other issues addressed in the R&R.

6

explained in this memorandum opinion. Petitioner's Motion to Confirm Arbitration Award [Doc. 1] is hereby **GRANTED**, whereby the January 17, 2013 Award of Arbitrator is hereby **AFFIRMED and ENFORCED**, and respondent's Notice of Motion and Motion not to Confirm the Arbitration Award and to Vacate and Arbitrator Award [Doc. 18] is hereby **DENIED.** The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE